## JOE IRVIN *v.* THE STATE.

CRIMINAL LAW. *Exemption for fine and costs. Surety.* Where under the law no property of defendant is exempt from execution for fine and costs, no property of his surety in like manner is exempt.

### FROM GRUNDY.

Appeal in error from the Circuit Court of Grundy county. J. J. WILLIAMS, J.

——— for Irvin.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

Joe Irvin was convicted for carrying a pistol. W. C. Irvin and E. M. Sims became his sureties for fine

Irvin v. The State.

and costs, and the sheriff and W. C. Irvin, one of defendant's sureties, submitted for the determination of the judge the question whether the only horse owned by W. C. Irvin, which the sheriff had levied on, was liable to execution for said fine and costs. W. C. is the head of a family and a farmer. The court held the horse was not exempt from the execution, but liable to be sold for said fine and costs; that the same rule applied to the surety as to the principal, and that there was no exemption of property for offenders under sec. 2011 as written, but we suppose it means sec. 4912b of the Code. W. C. Irvin appealed. That section makes it unlawful for any person attending an election, fair, race-course or other public assembly, to carry concealed a pistol, etc., etc. Sec. 4912g provides, "there shall be no property exempt from execution for fine and costs for this offense."

It is argued that the conviction is not under the section first cited.

Every reasonable intendment is made in favor of the regularity of judicial preceedings; and the court having jurisdiction of the person and subject-matter, the defendant should have furnished a bill of exceptions and the presentment to show that the judge was in error in holding that the offense was not under this section. But we have nothing in the record from which we can see that the judge erred.

It is also insisted, that although the defendant's property may all be liable, that his surety, who has committed no offense, is not liable to have his exempt property seized and sold for said fine and costs.

The language of the act is, that "no property shall be exempt from execution *for fines and costs for this offense.*" The surety of the principal is liable *for the fine and costs* for the offense of his principal, and to the same extent, and no property of his, any more than that of his principal, is exempt. It is fine and costs for an offense from which, for the satisfaction of, the State expressly declares there shall be no exemption of any property.

The judgment of the circuit judge was correct and will be affirmed.